[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE
It is said that whenever the idea of exercise struck Mark Twain, he would recline on the nearest couch until the temptation passed. The plaintiff evidently does not look to Mark Twain as her paragon on matters of fitness. When the same temptation occurred to her one night, she went out jogging and was struck by a car, whose operator could not see her because she alleges jogging pants sold to her by the defendants Dunn, manufactured by CT Page 1983 the defendant Insport, were made with defective reflective tape provided by the defendant 3M Company. After alleging violations of the Product Liability law, General Statutes §§ 52-572m et seq. and recklessness against each defendant, the plaintiff also has pled violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §§ 42-110 et seq. Now all defendants move to strike the 7th, 8th, and 9th Counts which allege plaintiff's CUTPA claim against each of them. The common thread in the defendant's motions is that the exclusivity provision of the Product Liability Acts bars the CUTPA claim. The court agrees.
General Statutes § 52-572n (a) provides: "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." § 52-572m (b) defines a "product liability claim" as follows: "Product liability claim" includes all claims or actions brought for personal injury, death or property damages caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation of nondisclosure, whether negligent or innocent." Those of us who have been involved in it, know it is not always possible in the legislative process for the General Assembly to express itself clearly and unequivocally. But here it could and did when it said in General Statutes § 52-572n(a) that a product liability claim" . . . shall be in lieu of all other claims against product sellers . . .". The Motions to Strike are therefore granted. The claims against the defendants set out in the CUTPA counts repeat earlier allegations pled in the product counts and add new ones concerning marketing. The products statute is specific and clear that marketing falls within the definition of a product liability claim therefore a statutory claim made under § 52-572m(a) is the plaintiff's exclusive remedy.
Motions granted as to Counts 7, 8, and 9.
Flynn, J. CT Page 1984